Michael MAYS, Appellant,

v.

John MAHONEY, Hearing Officer for Disciplinary Hearing at the Sing Sing Correctional Facility, Appellee.

No. 1390, Docket 93–2728.

United States Court of Appeals,
Second Circuit.

Argued April 5, 1994.

Decided April 29, 1994.

---

Scott L. Lessing, New York City (Penny Shane and Deborah Gordon, on the brief), for appellant.

Martin A. Hotvet, Asst. Atty. Gen. of the State of New York, Albany, NY (G. Oliver Koppell, Atty. Gen., Andrea Green, Deputy Sol. Gen., and Dvora Wolff Rabino, Asst. Atty. Gen., on the brief), for appellee.

Before: NEWMAN, Chief Judge,
TIMBERS and PRATT, Circuit Judges.

TIMBERS, Circuit Judge:

Michael Mays appeals from a summary judgment entered in the Southern District of New York, Miriam G. Cedarbaum, *District Judge,* in favor of John Mahoney, Hearing Officer for Disciplinary Hearing at the Sing Sing Correctional Facility.

Mahoney was granted summary judgment in an action commenced by Mays under 42 U.S.C. § 1983. Mays seeks reversal of that judgment, contending that the court erred in holding that an administrative appeal cured any procedural defect at the administrative hearing. He further asserts that Mahoney is not protected from liability by his qualified immunity as a prison official.

We reverse and remand.

## I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

Michael Mays was a prison inmate at Sing Sing in 1990. On July 21, 1990, he allegedly interfered with a correction officer's attempt to "lock down" the gallery by refusing to return to his cell and by yelling profanities at the officer. As a result of the incident, Mays was placed in "keeplock", which is confinement to a general population cell twenty-three hours a day, seven days a week. He lost two months of good time credits and his commissary, packages, and telephone privileges.

On July 22, 1990, a correction officer allegedly served Mays with a Misbehavior Report charging him with "Assault on Staff", "Refusing Direct Order", and "Threats". Mays asserts that he was never served with the Misbehavior Report. The State also asserts that a correction officer explained to Mays that he had a right to an assistant to help him prepare for his disciplinary hearing, a right to appear at the hearing, and a right to call witnesses in his defense. The State claims that Mays waived these rights and refused to sign the documents indicating a waiver. Instead, a prison official indicated on the forms that Mays had refused to sign. Mays asserts that he never waived these rights and that, although he had intended to exercise them, he was denied the opportunity.

Mahoney conducted the disciplinary hearing on July 26, 1990. Mays was not present. Mahoney stated for the record that Mays had waived his right to attend and that, when served with a written charge, he had waived his right to assistance and did not request any witnesses. Relying on the Misbehavior Report, Mahoney found Mays guilty of the charges. He imposed the penalty of keeplock, loss of privileges for 45 days beginning July 21, 1990 and ending September 4, 1990, as well as the loss of two months of good time credits.

Mays subsequently appealed the disciplinary decision within the prison appellate system. He asserted that the events surrounding his disciplinary hearing violated his due process rights. Specifically, he stated that he was denied his right to receive advance written notice, to be aided by an assistant, to attend his hearing in person, to call witnesses, to present evidence, and to have the charges adjudicated by an impartial hearing officer. *See Wolff v. McDonnell,* 418 U.S. 539, 564 (1974) (establishing due process rights in prison disciplinary proceedings).

On September 12, 1990, Superintendent John P. Keane reversed the disciplinary decision due to "procedural error" and Mays'

records were expunged. As of that date, Mays already had served 45 days in keeplock and had endured 45 days without package, commissary, and telephone privileges.

Mays then commenced the instant action seeking damages pursuant to 42 U.S.C. § 1983. In September 1992, both Mays and Mahoney filed motions for summary judgment. On August 16, 1993, Magistrate Judge James C. Francis IV filed a report and recommendation. He recommended that both parties' motions for summary judgment be denied because there were genuine issues of material fact regarding whether Mays had waived his rights and whether his keeplock was administrative or punitive in nature. The report also stated that Mahoney had not proven that he was entitled to qualified immunity because his conduct might have fallen within the exception for clearly established constitutional rights.

On October 22, 1993, the court chose not to adopt the Magistrate Judge's report. It held instead that the reversal on the administrative appeal cured any procedural defect that may have occurred. The court granted Mahoney's motion for summary judgment. This appeal followed.

Mays contends that the court erred in holding that an administrative appeal cured any procedural defect at his disciplinary hearing. He further contends that Mahoney is not protected from liability by qualified immunity as a prison official.

## II.

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law". Fed.R.Civ.P. 56(c). We review a court's grant of summary judgment *de novo*. *Frankel v. Bally, Inc.*, 987 F.2d 86, 88 (2 Cir.1993). We may not resolve disputed issues of fact; rather, we must determine whether there are genuine issues of material fact to be resolved at trial. *Sayers v. Rochester Telephone Corp.*, 7 F.3d 1091, 1094 (2 Cir.1993). We must remand for a full trial if there are disputed issues of material fact.

We have today held in *Walker v. Bates*, 23 F.3d 652 (2 Cir.1994), that reversal on administrative appeal does not preclude a damage action for a due process violation at a prisoner's disciplinary hearing where the reversal occurs after the prisoner has served at least a portion of the restrictive confinement. Although *Walker* was a case dismissed under Rule 12(b)(6), the same principle applies in a case dismissed by summary judgment. The court in the instant case erred in granting summary judgment based upon the proposition that reversal on administrative appeal cures a due process violation.

Upon careful consideration of the facts, we hold that there are genuine issues of material fact that proscribe summary judgment—to wit, whether Mays was informed of, and waived, his *Wolff v. McDonnell* rights, and whether an objectively reasonable hearing officer in Mahoney's position would have believed that his acts did not violate Mays' rights, *Robison v. Via*, 821 F.2d 913, 920–21 (2 Cir.1987). There can be no dispute that the keeplock was punitive in nature, at least the portion of the keeplock period imposed as punishment and served after the conclusion of the disciplinary hearing. *Sher v. Coughlin*, 739 F.2d 77, 81 (2 Cir.1984). Further proceedings are necessary to determine whether there was a due process violation, whether the violation was committed by Mahoney or by the officer who reported that Mays had waived his due process rights, and whether there is a basis for qualified immunity.

We hold that the court erred in granting Mahoney's motion for summary judgment.

## III.

To summarize:

The court erred in granting Mahoney's motion for summary judgment since a reversal on administrative appeal does not cure the wrongful deprivation of a liberty interest resulting from a due process violation at a prisoner's disciplinary hearing.

Reversed and remanded.