**Thomas PORTER, Plaintiff,**

v.

**J. NOVAK; Lee Jewett, Defendants.**

**No. 92–CV–710.**

United States District Court, N.D. New York.

Sept. 22, 1995.

Thomas Porter, Attica Correctional Facility, Attica, NY, pro se.

Dennis C. Vacco, Attorney General of the State of New York, Judith I. Ratner, Asst. Attorney General, Albany, NY, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

The plaintiff, Thomas Porter, while confined at the Eastern Correctional Facility, was charged with assaulting two fellow inmates on September 12, 1991. Porter was immediately confined to the Special Housing Unit (SHU) pending determination of the charges. Porter originally requested that defendant J. Novak, a prison correction counselor, aid in his preparation for a Tier III disciplinary hearing and informed Novak of specific witnesses to interview and specific questions to ask these witnesses. At the Tier III hearing on September 17, 1991, Hearing Officer Lee Jewett, the other defendant in this case, sentenced Porter to 12 months of confinement in SHU, along with 12 months loss of telephone, commissary, and package privileges. Sometime after Porter began serving this sentence, he appealed the hearing officer's decision within the prison appellate system. On December 5, 1991, Porter's conviction was reversed administratively and a new hearing was ordered.

Subsequently, on July 2, 1992, Porter commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his due process rights were violated during the Tier III hearing and seeking compensatory and punitive damages. Porter bases his claim on his allegations that Novak offered no assistance in the preparation of his defense and that Jewett refused his request to assign another assistant to aid his defense. In addition, Porter alleges that Jewett denied him the opportunity to present witnesses and documents at the hearing, that he was biased, and that he relied on insufficient evidence.

On August 4, 1993, defendants filed a motion for summary judgment, pursuant to Fed. R.Civ.P. 56, to dismiss the complaint, arguing

that Porter is left without a claim for a due process violation because the disciplinary hearing conviction was reversed on administrative appeal.

## II. DISCUSSION

### a. Summary Judgment Standard

■ A motion for summary judgment must be granted when all available evidence shows that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). All disputes of material fact must be resolved in favor of the nonmoving party, and all inferences that may be reasonably drawn from those facts must be construed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983). In addition, pleadings of a pro se litigant must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990).

■ When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. at 1355. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56; *Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. at 2511; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. at 1356. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. at 2510–11;

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. at 1356.

### b. Administrative Reversal's Effect on Due Process

In their motion for summary judgment, defendants argue that in light of the administrative reversal of the hearing officer's determination, no due process violation occurred. In defendants' view, this reversal cured any possible procedural defects in the Tier III hearing, thereby granting Porter the process he was due and leaving him without a § 1983 claim.

■ Subsequent to the date that the defendants filed their motion for summary judgment, the Second Circuit Court of Appeals held in two separate decisions, announced on the same day, that a prisoner/plaintiff's later success in the administrative appeal process following a disciplinary hearing conviction does not bar a § 1983 claim.

■ In *Walker v. Bates*, 23 F.3d 652 (2d Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 2608, 132 L.Ed.2d 852 (1995), the Court of Appeals reversed the district court's dismissal of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The plaintiff alleged that he was improperly denied his right to call witnesses at his disciplinary hearing. *Id.* at 654. The District Judge granted the defendant's motion for dismissal for failure to state a claim. *Id.* at 655. On appeal, the Second Circuit Court of Appeals reversed and set forth the controlling rule of law:

> [O]nce prison officials deprive an inmate of his constitutional procedural rights at a disciplinary hearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing, the prison official responsible for the due process deprivation must respond in damages, absent the successful interposition of a qualified immunity defense.

*Walker*, 23 F.3d at 658–59. The court limited its holding to the narrow issue of whether the plaintiff's § 1983 claim was barred by the administrative reversal of his conviction. It

did not address the merits of a qualified immunity defense for prison officials, nor does this Court express an opinion on this issue.

*Mays v. Mahoney,* 23 F.3d 660 (2d Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2608, 132 L.Ed.2d 852 (1995), is procedurally on all fours with the case before the Court. Following a disciplinary hearing decision, the plaintiff in *Mays* successfully appealed within the prison system and had the decision reversed, though he had served 45 days of his sentence up to that point. *Id.* at 661–62. The plaintiff commenced a § 1983 action, in which the defendant moved for summary judgment. The Second Circuit reversed the district court's grant of summary judgment, basing its decision on its holding in *Walker* and noting that although *Walker* involved Fed.R.Civ.P. 12(b)(6), "the same principle applies in a case dismissed by summary judgment." *Id.* at 662. Thus, the district court "erred in granting summary judgment based upon the proposition that reversal on administrative appeal cures a due process violation." *Id.*

 Defendants' argue that the Court should apply the law as it existed at the time their motion for summary judgment was filed, namely, the law prior to the Second Circuit's holdings in *Walker* and *Mays.* However, it is axiomatic that the Court must apply the law as it currently exists. *See Jones v. Coughlin,* 45 F.3d 677 (2d Cir.1995) (holding that Court of Appeals' decision in *Walker,* which was handed down subsequent to District Court's disposition of case, required judgment dismissing claims to be vacated). Accordingly, the defendants have failed to show that they are entitled to summary judgment as a matter of law. An administrative reversal "does not cure the wrongful deprivation of a liberty interest resulting from a due process violation at a prisoner's disciplinary hearing." *Mays,* 23 F.3d at 662.

## III. CONCLUSION

In sum, the Court holds that defendants are not entitled to summary judgment under Fed.R.Civ.P. 56 on plaintiff's § 1983 action based solely on the fact that a disciplinary

decision that allegedly deprived plaintiff of his constitutional due process rights was administratively reversed.

**ORDERED,** that defendants' motion for summary judgment is DENIED.

**IT IS SO ORDERED.**