Edward **SCHMELZER**, Plaintiff,

v.

B. **NORFLEET**, Correctional Officer, Sing Sing Correctional Facility, Defendant.

No. 94 Civ. 8287 (DC).

United States District Court, S.D. New York.

Nov. 13, 1995.

Edward Schmelzer, Staten Island, NY, Plaintiff pro se.

Dennis C. Vacco, Attorney General of the State of New York by Jeanne Lahiff, Ass't Attorney General New York City, for defendant.

### MEMORANDUM DECISION

CHIN, District Judge.

*Pro se* plaintiff Edward Schmelzer brings this action under 42 U.S.C. § 1983 seeking monetary damages for alleged violations of his Fourteenth Amendment Due Process rights. Defendant Barry Norfleet moves pursuant to Rule 12(b)(6) to dismiss the action. For the reasons that follow, the motion is granted.

### *BACKGROUND* [1]

At the time of the alleged constitutional deprivation, Schmelzer was incarcerated at

---

1. For the purpose of deciding defendant's motion, I will accept the facts set forth in the complaint as true.

Sing Sing Correctional Facility in Ossining, New York. On April 11, 1994, for reasons that are not set forth in the complaint, Norfleet confined Schmelzer to keeplock status. Keeplock is "a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates." *Gittens v. LeFevre,* 891 F.2d 38, 39 (2d Cir.1989) (*citing* N.Y.Comp.Codes R. & Regs. tit. 7, § 251–1.6 (1988) ("N.Y.C.R.R.")); *see also Soto v. Walker,* 44 F.3d 169, 171 (2d Cir.1995). Despite being kept on keeplock for eleven days, no charges were ever filed against Schmelzer and no hearing was ever held. Schmelzer commenced this action on November 16, 1994, seeking compensatory and punitive damages arising from this alleged violation of his procedural due process rights.

### DISCUSSION

■ In analyzing Norfleet's motion to dismiss for failure to state a claim, I must view the complaint in the light most favorable to Schmelzer and accept all allegations contained therein as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Annis v. County of Westchester,* 36 F.3d 251, 253 (2d Cir. 1994). Dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) is inappropriate unless it appears beyond a doubt that Schmelzer can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Christ Gatzonis Elec. Contractor, Inc. v. New York City School Constr. Auth.,* 23 F.3d 636, 639 (2d Cir.1994).

■ Norfleet argues that the claim against him must be dismissed because he was not personally involved in the alleged violations of Schmelzer's rights. It is true that to succeed on a claim under section 1983, a plaintiff must allege personal involvement by each defendant in the alleged constitutional deprivation. *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *see also Monell v. Department of Social Servs.,* 436 U.S. 658, 693–95, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978) (holding that § 1983 does not provide for *respondeat superior* liability against municipalities).

■ Here, Schmelzer has made the requisite showing of personal involvement. Under 7 N.Y.C.R.R. § 251–1.6(e), an officer who places an inmate in confinement, such as keeplock, "shall report such fact, in writing, to the superintendent as soon as possible...." It appears that Norfleet failed to file this misbehavior report. Because a misbehavior report was not filed, a review officer never advised Schmelzer of the charges against him, nor was a hearing scheduled. Thus, defendant was personally involved in the alleged deprivation of Schmelzer's due process rights, as his failure to file the report triggered the alleged due process violations.

■ Nevertheless, the Supreme Court's recent holding in *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), requires dismissal of this action. To state a claim for denial of procedural due process, a plaintiff must establish (1) that he possessed a liberty or property interest protected by the Constitution or a federal statute and (2) that the requisite process was not provided before he was deprived of that interest. *Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir. 1995). In *Sandin,* the Court held that the mere enactment of a state or prison regulation does not necessarily create a protected liberty interest for prisoners. —— U.S. at —— –——, 115 S.Ct. at 2299–300. Instead, to create a protected liberty interest, a state must implement a regulation or other provision providing for restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at ——, 115 S.Ct. at 2300. Applying this principle, the Court concluded that the prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at ——, 115 S.Ct. at 2301.

■ In light of the Court's holding in *Sandin,* Schmelzer's eleven day confinement in keeplock does not constitute an atypical, significant hardship implicating a protected liberty interest. *See, e.g., Jackson v. Keane,* No. 93 Civ. 6453, 1995 WL 622593, at *3

(S.D.N.Y. Oct. 24, 1995) (fourteen day confinement in keeplock was not an atypical, significant hardship); *Kozlek v. Papo,* No. 94 Civ. 1429, 1995 WL 479410, at *2 (S.D.N.Y. Aug. 11, 1995) (ten day confinement in Special Housing Unit was not an atypical, significant hardship); *Eastman v. Walker,* 895 F.Supp. 31, 33 (N.D.N.Y.1995) (New York's keeplock provision does not create liberty interest); *Uzzell v. Scully,* 893 F.Supp. 259, 263 (S.D.N.Y.1995) ("Because [plaintiff's] penalty was keeplock, and not loss of good time credit, no liberty interest was invoked...."); *cf. Lee v. Coughlin,* 902 F.Supp. 424, 430–31, (S.D.N.Y.1995) (one year in SHU was an sufficiently atypical, significant hardship to allege violation of liberty interest). Accordingly, I hold that Schmelzer's allegations fail as a matter of law to state a claim under the Due Process Clause of the Fourteenth Amendment.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted. The complaint is hereby dismissed.

SO ORDERED.