99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rodney HUTCHINSON, Plaintiff-Appellant,
v.
H. ADORNO, Defendant-Appellee.
 No. 94-2652.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 For plaintiff-appellant: Stephen M. Latimer, Loughlin & Latimer, Hackensack, NJ
 For defendant-appellee: Jeffrey I. Slonim, Ass't Att'y Gen., New York, NY
 S.D.N.Y.
 AFFIRMED.
 Present: OAKES, McLAUGHLIN, and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Rodney Hutchinson, incarcerated and formerly pro se, appeals from a judgment entered in the United States District Court for the Southern District of New York (Michael B. Mukasey, Judge ) dismissing his § 1983 suit against H. Adorno, a corrections officer who, after a hearing, found Hutchinson guilty of assaulting a fellow prisoner and sentenced him to a year of segregated confinement and ninety day's keeplock, suspended for 180 days. After an administrative appeal, Adorno's ruling was reversed and the matter remanded for a new hearing because he had failed to explain why a certain witness called by Hutchinson refused to testify. On remand, Hutchinson was again found guilty of assault, but this finding was annulled in an Article 78 state court proceeding.
 
 
 4
 Altogether, Hutchinson spent seventy-one days in segregated confinement after the first hearing. (He does not challenge the confinement occurring after his second hearing.) His § 1983 claim, brought pro se, was that portions of this confinement (his complaint challenged only the pre-administrative reversal confinement, but his papers opposing summary judgment raised the post-reversal confinement, too) violated Due Process because it resulted from the procedurally-flawed first hearing. Adorno moved for summary judgment on qualified immunity and failure to state a claim grounds. Hutchinson cross-moved for summary judgment, pointing to four "errors" in the first hearing: (1) he had too little time to prepare for the hearing; (2) he was denied his right to call witnesses; (3) he was denied his right to respond to the evidence against him; and (4) Adorno convicted him on no evidence, and thus must have prejudged the case against him.
 
 
 5
 The district court granted Adorno's motion, and denied Hutchinson's. It held that the first hearing met the Due Process standards articulated in Wolff v. McDonnell, 418 U.S. 539 (1974), since Wolff "specifically recognized the discretion of prison officials to call as witnesses fellow inmates who do not wish to testify, or witnesses who know nothing of the underlying events." Hutchinson v. Adorno, No. 93 Civ. 3949(MBM), slip op. at 5 (S.D.N.Y. Oct. 7, 1994). Alternatively, the district court held that Hutchinson's confinement was administrative, rather than punitive, and thus did not run afoul of our decisions in Walker v. Bates, 23 F.3d 652 (2d Cir.1994), cert. denied, 115 S.Ct. 2608 (1995), and Mays v. Mahoney, 23 F.3d 660 (2d Cir.1994), cert. denied sub nom. Bates v. Walker, 115 S.Ct. 2608 (1995). See Hutchinson, No. 93 Civ. 3949(MBM), slip op. at 6-7. Finally, the district court dismissed the four procedural defects Hutchinson raised as baseless. See id. at 7-8. Accordingly, it dismissed the suit.
 
 
 6
 On appeal, Hutchinson, now represented by counsel, contends that: (1) some portion (it is not clear which) of his segregated confinement following the first hearing denied him Due Process because it was punitive, not administrative, precluding summary judgment under Walker and Mays; (2) that period of confinement also denied him Due Process because the administrative record does not reflect the real reasons why certain witnesses did not testify, precluding summary judgment under Ponte v. Real, 471 U.S. 491 (1985); and (3) the ten-day period of confinement between the administrative reversal of the first hearing and the second hearing denied him Due Process because he never received an "informal, nonadversary review" of the charges against him, precluding summary judgment under Gittens v. LeFevre, 891 F.2d 38 (2d Cir.1989). We see no reason to disturb the district court's decision.
 
 
 7
 In the first place, it is grossly obscure which portion of Hutchinson's confinement is properly before us. Although counsel's papers suggest that we should review the full seventy-one days, see, e.g., Reply Br. at 4, at argument he indicated that he was challenging only the ten-day confinement between the administrative reversal and the commencement of the second hearing. In any event, even if the district court somehow erred--and we doubt that it did--in construing Wolff, Walker, and Mays, and in ignoring Ponte and Gittens, the Supreme Court's recent decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), forecloses Hutchinson's Due Process claims. There is no allegation, let alone evidence, that Hutchinson's segregated confinement "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300. Hutchinson's § 1983 suit must therefore fail. See id. at 2301-02.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.