**Tyrone BENTON, Plaintiff,**

v.

**John P. KEANE, Superintendent of Sing Sing Correctional Facility; J. Doyle, Sergeant, Defendants.**

**No. 93 Civ. 3961 (JSR).**

United States District Court,
S.D. New York.

March 28, 1996.

Tyrone Benton, Elmira, NY, plaintiff pro se.

June Duffy, Asst. Attorney General, New York City, for defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

This is a civil rights suit brought under 42 U.S.C. § 1983 by Tyrone Benton, an incarcerated individual, based on events occurring in April, 1993, at which time Benton was an inmate at Sing Sing Correctional Facility. From April 21 to April 30, 1993, Benton was held in administrative confinement, based on a Misbehavior Report, prepared by defendant Doyle, charging Benton with having made threats of bodily harm. Following an administrative hearing, the Misbehavior Report was dismissed and Benton was released from the confinement where he had been held for approximately nine days and five hours. Benton claims that the confinement was improper because (1) the Misbehavior Report did not contain all the information required by applicable prison regulations;[1] and (2) a written notice, on the basis of which the start of the administrative hearing was extended for three days, was never served on Benton and contained at least one inaccuracy.

Benton's primary legal claim is that because of the foregoing improprieties attending his administrative confinement (known as "keeplock"), he was deprived of liberty with-

---

1. In his memorandum of law, Benton also asserts that the copy of the Misbehavior Report presented to the Court was fraudulently altered to include additional material not included in the copy of the report served upon Benton.

out due process of law, in violation of the Fifth and Fourteenth Amendments. The defendants filed an initial motion to dismiss in 1993, supported by affidavits denying the truth of many of Benton's allegations; but the motion was denied by Judge Broderick (to whom the case was originally assigned) on the ground that it was more in the nature of a motion for summary judgment, and, as such, premature. *See* Memorandum Order filed February 24, 1994. The matter was then referred to Magistrate Judge Smith to conduct discovery. Recently, however, the defendants moved once again to dismiss the complaint, or, in the alternative, for summary judgment, on the basis of the Supreme Court's intervening decision in *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■■■ *Sandin* was a § 1983 action by a prisoner claiming that, as a result of alleged inadequacies in a disciplinary hearing that resulted in his segregated confinement for thirty days, his liberty was denied without due process of law. *Id.* at ——, 115 S.Ct. at 2295–96. The Court, however, found it unnecessary to assess the alleged inadequacies in the hearing, because it found that the petitioner had not been deprived of any protected liberty interest. *Id.* at ——, 115 S.Ct. at 2302. Specifically, the Court held that any due process liberty interest created by prison regulations will generally be limited to freedom from such restraints as impose atypical and significant hardships on an inmate in relation to the ordinary incidents of prison life. *Id.* at ——, 115 S.Ct. at 2301. Applying that standard, the Court found that a prisoner's segregated confinement for thirty days as discipline did not implicate any protected liberty interest created by prison regulations or by the due process clause in its own right. *Id.* at ——, 115 S.Ct. at 2302.

Construing Benton's claims most favorably to plaintiff, they do not approach the restraints that the Court in *Sandin* found insufficient to implicate a protected liberty interest. Likewise, lower courts applying *Sandin* have had no difficulty in dismissing claims involving deprivations significantly greater than those imposed upon Benton. *See, e.g., Hutchinson v. Adorno*, No. 94–

2652, 1995 WL 737493, at *2 (2d Cir. Dec. 13, 1995) (where it was "grossly obscure" whether prisoner was saying court should consider 71 or 10 day period as the "deprivation," held that under *Sandin* no liberty interest created); *White v. Artuz*, No. 94–4592, 1996 WL 84498, at *1 (S.D.N.Y. Feb. 27, 1996) (45 days in protective custody does not create a liberty interest); *Hendricks v. C. Centanni*, No. 92–5353, 1996 WL 67721, at *1, *3 (S.D.N.Y. Feb. 16, 1996) (thirty days in keeplock does not create a liberty interest); *Rivera v. Coughlin*, No. 92–3404, 1996 WL 22342 (S.D.N.Y. Jan. 22, 1996) (89 days in keeplock "do not constitute an atypical or significant hardship sufficient to create a liberty interest"); *Arce v. Walker*, 907 F.Supp. 658, 662 (W.D.N.Y.1995) (19 days administrative confinement in special housing unit without daily exercise or opportunity to be heard not grounds for a claim under *Sandin* ); *Schmelzer v. Norfleet*, 903 F.Supp. 632 (S.D.N.Y.1995) (11 days in keeplock did not create liberty interest); *Maguire v. Coughlin*, 901 F.Supp. 101, 105 (N.D.N.Y. 1995) (granting summary judgment for defendant on § 1983 claim because plaintiff failed to demonstrate that the conditions of his segregated confinement were atypical and significant deprivation compared to ordinary incidents of prison life); *Zamakshari v. Dvoskin*, 899 F.Supp. 1097, 1105–06 (S.D.N.Y.1995) ("several courts have applied *Sandin* to simply dismiss cases in which prisoners received 30 days or less of punitive segregation, holding that such segregation is not 'significant and atypical' deprivation.") (citations omitted); *Uzzell v. Scully*, 893 F.Supp. 259, 263 (S.D.N.Y.1995) (45 days in keeplock does not convey standing to bring § 1983 claim; implying keeplock never conveys standing no matter how long the confinement).

Accordingly, Benton's due process claims must fall.

There is also a suggestion in Benton's papers that his 9–day segregation constituted "cruel and unusual" punishment in violation of the Eighth and Fourteenth Amendments. The claim borders on the frivolous. *Cf., Sostre v. McGinnis*, 442 F.2d 178, 192 (2d Cir. 1971) (*en banc* ).

For the foregoing reasons, the complaint is dismissed, with prejudice, as to both defendants.

SO ORDERED.