Damar RODRIGUEZ, Plaintiff,

v.

John McGINNIS, Superintendent, C.O. Cook, Lt. Simmons, Defendants.

No. 96 Civ. 3279(JSR).

United States District Court, S.D. New York.

March 30, 1998.

Damar Rodriguez, Marcy, NY, pro se.

Alpa J. Sanghhvi, Asst. Atty. Gen., New York, NY, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

On February 10, 1998, the Honorable Sharon E. Grubin, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter, recommending that the motions to dismiss of defendants McGinnis and Simmons be granted, and that the motion to dismiss of defendant Cook be granted as to plaintiff's due process claim but denied as to plaintiff's excessive force claim. Following the requisite time for filing of ob-jections by the parties and the receipt by the Court of such objections by plaintiff, the Court undertook a full and *de novo* review of the underlying record, and concludes that the Magistrate Judge's conclusions were correct in all respects.

The Court notes that it does not understand the Magistrate Judge's reasoning to suggest any *per se* rule that a seventeen-day confinement can not, under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), in any circumstances constitute a denial of due process, *see Miller v. Selsky*, 111 F.3d 7, 9 (2d Cir.1997). Rather, it is evident that neither the allegations of the Complaint, nor the matters contained in plaintiff's other submissions or elsewhere in the record, demonstrate that plaintiff's confinement (for thirteen days less than that held in *Sandin* not to violate any protected liberty interest) involved any unusual conditions such as extended deprivation of exercise, restricted opportunities to attend religious services, or other such circumstances, *see Arce v. Walker*, 139 F.3d 329, 335–38 (2d Cir.1998), that might render his confinement an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484.[1]

Moreover, while in his objections plaintiff emphasizes the physical injuries allegedly inflicted by defendant Cook and another corrections officer, Magistrate Judge Grubin already has recommended, and this Court agrees, that defendants' motion to dismiss should be denied as to the excessive force claim.

Finally, the Court notes that even assuming, arguendo, that plaintiff has sufficiently alleged conduct by defendants violative of a liberty interest in avoiding disciplinary confinement, defendants nonetheless are entitled to qualified immunity with respect to that claim (but not, as Magistrate Judge Grubin concluded, with respect to the excessive force claim). An officer is entitled to qualified immunity if he establishes either that (1) the challenged conduct did not violate clearly established rights of which a

---

1. Moreover, to the extend plaintiff's objections are intended to suggest defects in connection with a post-confinement hearing, such an argu-ment is undermined by the fact that, as far as the Court can ascertain, the hearing in fact resulted in termination of plaintiff's confinement.

reasonable person would have known, or (2) it was objectively reasonable for the defendant to believe that the conduct did not violate the established right. *See Finnegan v. Fountain,* 915 F.2d 817, 823 (2d Cir.1990). By February 1996, when plaintiff's confinement occurred, courts in the Second Circuit repeatedly had held, in the wake of *Sandin,* that imposition of confinement for periods of time similar to that presented here does not violate a protected liberty interest. *See, e.g., Walker v. Mahoney,* 915 F.Supp. 548, 553–54 (E.D.N.Y.1996) (23 days); *Martin v. Mitchell,* 92–CV–716, 1995 WL 760651, at *3 (N.D.N.Y. Nov.24, 1995) (30 days); *Schmelzer v. Norfleet,* 903 F.Supp. 632, 634–35 (S.D.N.Y.1995) (11 days); *Jackson v. Keane,* 93 Civ. 6453, 1995 WL 622593, at *3 (S.D.N.Y. Oct.24, 1995) (14 days); *Kozlek v. Papo,* 94 Civ. 1429, 1995 WL 479410, at *2 (S.D.N.Y. Aug.11, 1995) (10 days); *Uzzell v. Scully,* 893 F.Supp. 259, 262–63 (S.D.N.Y. 1995) (23 days). Indeed, by that time courts in this Circuit had held in numerous cases that confinements of much longer periods did not implicate a liberty interest. *See Williams v. Kane,* No. 95 Civ. 0379, 1997 WL 527677, at *6–7 (S.D.N.Y. Aug. 25, 1997) (collecting cases). In light of the state of the law when the challenged conduct occurred, it was objectively reasonable for officers in defendants' position to believe that placing plaintiff in keeplock for seventeen days did not violate his due process rights.

Accordingly, the Court hereby incorporates by reference the Report and Recommendation of Magistrate Judge Grubin, and, for the reasons articulated therein and those set forth above, hereby adopts its recommendations.

SO ORDERED.

### REPORT AND RECOMMENDATION TO THE HONORABLE JED S. RAKOFF

GRUBIN, United States Magistrate Judge.

Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 against a correction offi-

1. Keeplock is " 'a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates.' "

cer, a lieutenant and the Superintendent at the Downstate Correctional Facility. Pending are defendants' motions to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). For the following reasons, the motions of defendants McGinnis and Simmons should be granted and the motion of defendant Cook should be granted in part and denied in part.

### FACTS

*The Complaint*

Construed liberally, *see Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Salahuddin v. Coughlin,* 781 F.2d 24, 28–29 (2d Cir.1986), the complaint claims (a) denial of due process in violation of the Fourteenth Amendment by all three defendants, in that plaintiff incorrectly was accused of disciplinary violations and was subjected to seventeen days of keeplock, including loss of package, commissary and telephone privileges [1] and (b) cruel and unusual punishment in violation of the Eighth Amendment by defendant Cook, in that plaintiff was the victim of excessive physical force.

Plaintiff has filed the Clerk's Office form complaint alleging as follows for his Statement of Claim:

> I was not involved in the fight of Feb. 12, 1996 & Officer Cook lock me down for 17 days & violated all my rights, my phone, packages & commissary & they try to take my good time but after they denied it & after 17 days the superintendent reverse the verdict. I was affected mentally & physically. [T]he officer had use force on me, he put a handcuff to the back & step on back of me, now I have back pain because of that. . . .

Although material outside a complaint generally is not to be taken into consideration on a

*Nicholas v. Remillard,* No. 92–CV–900, 1997 WL 711385, at *1 (N.D.N.Y. Nov.13, 1997) (quoting *Soto v. Walker,* 44 F.3d 169, 171 (2d Cir.1995) (omitting internal quotations and footnote)).

motion to dismiss, the policy reasons favoring liberal construction of *pro se* complaints permit a court to consider allegations of a *pro se* plaintiff in opposition papers on a motion where, as here, those allegations are consistent with the complaint. *Donahue v. United States Dept. of Justice,* 751 F.Supp. 45, 49 (S.D.N.Y.1990). *See Gill v. Mooney,* 824 F.2d 192, 195 (2d Cir.1987); *Shen v. Japan Airlines,* 918 F.Supp. 686, 690 (S.D.N.Y.), *aff'd,* 43 F.3d 1459 (2d Cir.1994); *Lucas v. New York City,* 842 F.Supp. 101, 104 & n. 2 (S.D.N.Y.1994). I accordingly find it appropriate to consider the following additional allegations by plaintiff contained in plaintiff's "Support of Motion Not to Dismiss Case" ("Pl.Opp."), submitted in opposition to defendants' motions to dismiss the complaint. Plaintiff identifies defendant Simmons as "the person that conducts the misbehavior report" and alleges that Simmons "just convicted me without giving me a chance to defend myself" (Pl.Opp. p. 2). Defendant McGinnis is identified as responsible for releasing plaintiff from keeplock after determining that plaintiff was not guilty of the alleged disciplinary violation (*id.*). As to defendant Cook, plaintiff states:

> *C.O. Cook* pick me out and lock me down with out a explanation, he wrote me a misbehavior report saying that he believes that plaintiff was involved in a fight, he was not sure, he pick the wrong person.... [H]e found out that it wasn't me the person fighting after he & his co-workers force me to go to the hospital for injury report about the fight, and I didn't have no injury because I wasn't fighting, so they handcuff me behind my back and used force kicking me on my back & putting they foot on my back, from that day I've have back pain and it's worse I can hardly walk, my back is weak, my spine not straight, and it hurts.

(*Id.* p. 1). Finally, in a further document also in opposition to defendants' motions ("Pl. Supp.Opp.") plaintiff states:

> [W]hen I was taken out of my cell to be taken to the hospital, the two officers that were escorting me with my hands cuffed behind my back, began to kick me numerous times on my lower back; and they also stepped on my lower back, since then, I

have been unable to perform any of my normal work duties.... I am still suffering from the injuries that was sustained by said officers.

(Pl.Supp.Opp. p. 1). Attached to this submission are an Inmate Misbehavior Report, dated February 13, 1996; an Appeal to the Superintendent, dated February 21, 1996; and what appear to be copies of medical records concerning plaintiff's complaints of back pain subsequent to February 12, 1996.

*The Motions to Dismiss the Complaint*

All defendants contend that they are protected from liability by qualified immunity and that the allegations concerning plaintiff's confinement in keeplock do not rise to the level of a constitutional violation. Defendants McGinnis and Simmons also argue that dismissal should be granted because the complaint contains no specific allegations against them and does not allege they were personally involved in the events and that the claims against them are barred by the Eleventh Amendment.

## DISCUSSION

In determining whether to grant a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993) *and* 507 U.S. 972, 113 S.Ct. 1412, 122 L.Ed.2d 784 (1993); *Ad–Hoc Committee of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987). "[C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.,* 987 F.2d

142, 150 (2d Cir.1993). "[A]fter viewing plaintiff's allegations in this favorable light," the court should not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Walker,* 974 F.2d at 298 (quotation omitted). *See Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). *Pro se* complaints, which are to be liberally construed, should be given even greater latitude than complaints drafted by lawyers. *See Hughes v. Rowe,* 449 U.S. at 9; *Haines v. Kerner,* 404 U.S. at 520–21; *Salahuddin v. Coughlin,* 781 F.2d at 28–29.

### The Alleged Denial of Due Process

■ The United States Supreme Court held in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that disciplinary confinement such as that complained of by plaintiff does not deprive a prison inmate of a constitutionally protected liberty interest unless the confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. To determine whether a protected liberty interest is implicated, a court must examine the circumstances of the confinement, including the nature of the confinement and its duration. *Wright v. Coughlin,* 132 F.3d 133, 136–37 (2d Cir.1998); *Brooks,* 112 F.3d at 48–49; *Miller v. Selsky,* 111 F.3d 7, 9 (2d Cir.1997). "[T]he decisions in the Second Circuit are unanimous that keeplock ... confinement of 30 days or less in New York prisons is not 'atypical or significant hardship' under *Sandin.*" *Williams v. Kane,* No. 95 Civ. 0379(JGX)(AJP), 1997 WL 527677, at *6 (S.D.N.Y. Aug. 25, 1997) (citing 30 cases). *See, e.g., Nicholas v. Remillard,* No. 92–CV–900, 1997 WL 711385 (N.D.N.Y. Nov.13, 1997) (twenty-five days in keeplock); *Duncan v. Keane,* 95 Civ. 1090(SHS), 1997 WL 328070 (S.D.N.Y. June 13, 1997) (thirty days in keeplock because of allegedly false misconduct report). *See also, e.g., Reaves v. Williams,* 95 Civ. 0281(DC), 1997 WL 10132 (S.D.N.Y. Jan. 10, 1997) (sixty-nine days in keeplock before prison official reversed finding that inmate was guilty of misconduct); *Luis v. Coughlin,* 935 F.Supp. 218 (W.D.N.Y. 1996) (thirty-three days in keeplock without a hearing).

Plaintiff's due process claim alleges only that he was detained in keeplock for seventeen days for misbehavior he did not commit. Even with the most liberal reading, this claim fails to allege a constitutional deprivation of a protected liberty interest and, accordingly, plaintiff's due process claims against all three defendants should be dismissed.

### The Alleged Use of Excessive Force

■ In order to sustain a constitutional claim based on a prison official's use of force, the official's behavior must have risen to the level of a violation of the cruel and unusual punishments clause of the Eighth Amendment. That clause is violated when the behavior involves the "unnecessary and wanton infliction of pain." *Whitley v. Albers,* 475 U.S. 312, 319–320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). *See Estelle v. Gamble,* 429 U.S. 97, 102–103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See also Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "[W]henever prison officials stand accused of using excessive physical force ... the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* 503 U.S. at 6–7. This is so whether or not significant injury is sustained. *Id.* at 9.

■ There is no indication in the pleadings at this stage of this case of a good-faith reason for the alleged application of any force by Officer Cook. Plaintiff a several submissions allege that Cook, without provocation and while plaintiff was handcuffed, stepped on plaintiff is back and kicked him in his lower back numerous times (*see* complaint p. 4; Pl.Opp. p. 1; Pl.Supp.Opp. p. 1) This account by plaintiff, if proven, could constitute sufficient evidence for a jury to find that Cook violated plaintiff's rights under the Eighth Amendment.

■ In addition, plaintiff's claim cannot be defeated at the pleading stage by Cook's assertion of qualified immunity. To establish a qualified immunity defense to an excessive

force claim an officer must establish either (1) that the alleged conduct did not violate clearly established rights of which a reasonable person would have known, or (2) that it was objectively reasonable to believe that the conduct did not violate clearly established rights. Finnegan v. Fountain, 915 F.2d 817, 823 (2d Cir.1990). *See Anderson v. Creighton,* 483 U.S. 635, 639–641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). That issue cannot be resolved on this motion. It is not disputed that the right to be free from the use of excessive force was clearly established at the time of the events in suit. Nor does defendant Cook contend that it would have been objectively reasonable to believe that the conduct alleged by plaintiff was permissible. As a result, the motion to dismiss the claim of excessive force on the ground that defendant Cook is entitled to qualified immunity cannot be granted. *See McGauley v. Administration of MCC,* No. 88 Civ. 6296(MGC), 1993 WL 183703 at *1 (S.D.N.Y. May 25, 1993) ("Whether a reasonable correctional officer would have believed that defendants' conduct was lawful depends upon plaintiff's conduct, defendants' conduct, and the surrounding circumstances.").

### CONCLUSION

For the reasons set forth above, I recommend (a) the motions of defendants McGinnis and Simmons be granted; (b) the motion of defendant Cook to dismiss plaintiff's due process claim be granted; and (c) the motion of defendant Cook to dismiss plaintiff's excessive force claim be denied.[2]

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Jed S. Rakoff, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Rakoff. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e), and 72(b) of the Federal Rules of Civil Proce-

dure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994) *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Feb. 10, 1998

---

**2.** Although plaintiff's papers speak of "two" officers having kicked him and stepped on his back (Pl.Supp.Opp. p. 1) and plaintiff states that "they" administered force (Pl.Opp. p. 1), only defendant Cook is identified as a participant and named as a defendant on this claim.