Shirley UGARTE, Plaintiff,

v.

Roger JOHNSON, Dan Heimowitz, Maryann Musumeci, Defendants.

No. 96 Civ. 6780(JSR).

United States District Court, S.D. New York.

March 19, 1999.

Edward A. Schneider, New York City, for Plaintiff.

Marianne O'Toole, U.S. Atty's Office, Southern District of New York, New York City, for Defendants.

## ORDER

RAKOFF, District Judge.

On February 18, 1999, the Honorable Sharon E. Grubin, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter, recommending that plaintiff's complaint be dismissed for lack of subject matter jurisdiction. No objections having been filed, and the parties for that reason having waived their right to further appellate review, *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992), the Court hereby adopts the Report and Recommendation and dismisses plaintiff's complaint with prejudice. Clerk to enter judgment.

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE JED S. RAKOFF

GRUBIN, United States Magistrate Judge.

Plaintiff brings two claims under the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (codified as amended in scattered sections of 5 U.S.C.) ("the WPA"), and one claim of

defamation. Defendants move to dismiss the complaint under Rules 8(a)(2), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because I conclude that this court does not have subject matter jurisdiction herein, I recommend that defendants' motion be granted.[1]

For purposes of this motion we treat the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *In re Merrill Lynch Ltd. Partnerships Litig.,* 154 F.3d 56, 58 (2d Cir.1998); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993) *and* 507 U.S. 972, 113 S.Ct. 1412, 122 L.Ed.2d 784 (1993); *Oliveira v. Frito–Lay, Inc.,* No. 96 Civ. 9289(LAP), 1999 WL 20849, at *2, 1999 U.S. Dist. LEXIS 352, at *4 (S.D.N.Y. Jan. 15, 1999); *Brown v. Sara Lee Corp.,* No. 98 Civ. 1593(JSR), 1998 WL 809518, at *1, 1998 U.S. Dist. LEXIS 18325, at *2 (S.D.N.Y. Nov. 19, 1998). "[C]onsideration is limited to the factual allegations in [the] complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *see Society for the Advancement of Education, Inc. v. Gannett Co.,* No. 98 Civ. 2135(LMM), 1999 WL 33023, at *4, 1999 U.S. Dist. LEXIS 700, at *11 (S.D.N.Y. Jan. 21, 1999); *Brodeur v. City of New York,* No. 96 Civ. 9421(RPP), 1998 WL 557599, at *2 (S.D.N.Y. Sept.2, 1998); *Rodriguez v. McGinnis,* 1 F.Supp.2d 244, 248 (S.D.N.Y.1998). A motion to dismiss is to be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir.1998); *Walker v. City of New York,* 974 F.2d at 298; *Ericson v. Syracuse Univ.,* No. 98 Civ. 3435(JSR), 1999 WL 33467, at *4, 1999 U.S. Dist. LEXIS 691,

---

1. Plaintiff's submission in opposition to the motion consists solely of a 5 1/2–page affidavit by her attorney, in contravention of Local Civil Rule 7.1 which requires that "all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon ... in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined." The rule further provides that "[w]illful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default." The affirmation, moreover, improperly contains factual argument that is not based on personal knowledge and legal argument as to applicable general standards for a court to apply on a motion to dismiss. *See United States v. Maldonado–Rivera,* 922 F.2d 934, 973 (2d Cir. 1990) (attorney affidavit not based on personal knowledge properly not credited); *Kamen v. American Tel. and Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986) (improper to rely on attorney affidavit not based on personal knowledge); *Dunning v. Ohmeda Pharmaceutical Products Division, Inc.,* No. 97–CV–234

(FJS)(GJD), 1998 WL 888980, at*1, 1998 U.S. Dist. LEXIS 19744, at *3 (N.D.N.Y. Dec. 14, 1998) (legal argument and facts not based on personal knowledge in attorney affidavits improper); *Carnrite v. Granada Hosp. Group,* 175 F.R.D. 439, 448–49 (W.D.N.Y.1997) (striking attorney affidavit not based on personal knowledge); *GMAC Mortgage Corp. v. Weisman,* No 95 Civ. 9869(JFK), 1997 WL 83416, at *4, 1997 U.S. Dist. LEXIS 2042, at *12 (S.D.N.Y. Feb. 27, 1997) (refusing to consider legal argument presented only in attorney affidavit); *Buckman v. New York On Location, Inc.,* No. 94 Civ. 7606(JFK), 1996 WL 578245, at *3 n. 4, 1996 U.S. Dist. LEXIS 14892, at *10 n. 4 (S.D.N.Y. Oct. 7, 1996) (legal argument in attorney affidavit improper); *Buti v. Impressa Perosa, S.R.L.,* 935 F.Supp. 458, 463, 475 (S.D.N.Y.1996) (striking attorney affidavit not based on personal knowledge).

As your Honor will see, I have, nevertheless, decided the motion on its merits since my research shows the outcome is clear and there would be no purpose served by requiring a submission in another form.

at *11 (S.D.N.Y. Jan. 27, 1999); *Barcher v. New York Univ. School of Law,* 993 F.Supp. 177, 183 (S.D.N.Y.1998).

Plaintiff was an employee in the Preparation Unit of the Acquisition and Material Management Service of the Bronx Veterans Administration Medical Center ("the VAMC") and held a supervisory position for four years. While in that position she filed a grievance under 5 C.F.R. § 735.201 and 5 U.S.C. § 2302(b)(6) against defendant Lorenzo Reese, Assistant Chief of Supply Distribution, for utilizing a "pre-selection process in personnel staffing of supervisory positions." Amended Complaint ("Am.Compl.") ¶ 5. Plaintiff's first claim herein is that Reese made impermissible staffing decisions and, with defendants Roger Johnson, Associate Director of the VAMC, Dan Heimowitz, Employee Assistance Program Coordinator, and Mary Ann Musumeci, Director, retaliated against plaintiff for complaining and acted "to disguise the existence of a pre-selection process in the personnel staffing of supervisory positions." *Id.* ¶ 6. As a result of their actions, the complaint alleges, plaintiff lost her supervisory position and pay grade and was suspended for a week. She seeks damages of $100,000. Plaintiff's second claim alleges the defendants "perpetrated an abuse of process, by threatening her with suspension if she failed to seek 'psychotherapy' from the Employees Assistance Program" and that "[a]s a result of" this act of the defendants, she was "intentionally stripped of her then supervisory position." She seeks restoration of her title and grade. Both of these claims are alleged to have been violations of the WPA, 5 U.S.C. § 2302(b)(8). Plaintiff's third claim is for "libelous defamation," alleging that, as a result of the foregoing actions of defendants, unspecified letters and paperwork were placed in her permanent file at the VAMC and unspecified adverse publicity was disseminated in the work-place. She seeks punitive damages of $100,000 and the purging of adverse information from her file.

Plaintiff alleges that she "has exhausted all [administrative] avenues of relief." Am. Compl. ¶ 2. Although the parties argue the issue of exhaustion on this motion, the issue is irrelevant because, even assuming on this motion that plaintiff had properly exhausted her administrative remedies, there would be no judicial remedies available to plaintiff in this court.[2]

The WPA is an amendment to the Civil Service Reform Act of 1978 ("the CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.). The CSRA established a comprehensive and detailed set of procedures to deal with workplace disputes between federal employees and the government. The Supreme Court explained in *Bush v. Lucas,* 462 U.S. 367, 385, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), as follows:

**2.** From agency documents submitted by the defendants, it appears that after plaintiff's formal grievance of her suspension was denied by the Department of Veteran Affairs, she appealed to the Merit Systems Protection Board. Shortly thereafter, however, plaintiff withdrew the appeal. On March 19, 1996, in an "Initial Decision," the Merit Systems Protection Board dismissed plaintiff's appeal pursuant to her withdrawal of it. The Initial Decision informed plaintiff that "[w]ithdrawal of an appeal is an act of finality that removes an appeal from the Board's jurisdiction" and that the decision would become final about a month later on April 23, 1996 unless plaintiff filed a petition with the Board for review. It further advised her that if she were dissatisfied with the Board's decision, she could file a petition for review with the Court of Appeals for the Federal Circuit and that "[t]o be timely, your petition must be received by the court no later than 30 calendar days after" April 23. Declaration of Stephen M. Kraut in support of defendants' motion at Ex. P. Plaintiff did not file for review with either the Board or the court. (Plaintiff had also filed a complaint with the Office of Special Counsel, but was informed on April 8, 1996 that the OSC had made a preliminary determination to close its investigation, subject to hearing from plaintiff within 16 days, because it was that office's policy not to duplicate or bypass the procedures established in the agency where plaintiff was pursuing her grievances. *Id.* at Ex. R.)

Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies.

There is no need to review all the procedural elements of the CSRA here. What is crucial is that the act limits an employee aggrieved by a personnel decision to various administrative review procedures but for exceptional cases in which the act allows judicial review of decisions of the Merit Systems Protection Board ("the MSPB") solely by the Court of Appeals for the Federal Circuit. Thus, 5 U.S.C. § 7703(b)(1) provides that "[e]xcept as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit," and a federal government employee cannot obtain a remedy for a violation of the CSRA in a federal district court.[3] A narrow exception confers jurisdiction in a federal district court of certain claims of discrimination. See 5 U.S.C. §§ 7702(a) and (e), 7703(b)(2). In such a case, the district court may review the discrimination claim *de novo*, and if other, nondiscrimination claims are also brought in that action, the district court may review the nondiscrimination claims in the manner of review by the Federal Circuit Court of Appeals, *i.e.*, on the administrative record. *See, e.g., Mack v. United States Postal Service*, No. 92–CV–0068 (FB), 1998 WL 546624, at *5–*6, 1998 U.S. Dist. LEXIS 13480, at *16–*17 (E.D.N.Y. Aug. 26, 1998); *Rhyne v. Perry*, No. 91 Civ. 8691(LMM), 1995 WL 77970, at *5, 1995 U.S. Dist. LEXIS 2129, at *14–*15 (S.D.N.Y. Feb. 24, 1995); *Williams v. McCausland*, 791 F.Supp. 992, 998 (S.D.N.Y.1992). Plaintiff here, however, has raised no such discrimination claims that would give this court jurisdiction to review her case.

■ That plaintiff claims here to have been a whistleblower does not create any greater right for her in a district court than under the general CSRA scheme because enactment of the WPA left the role of the federal courts unchanged in the review of employment decisions affecting federal employees. *See Grisham v. United States*, 103 F.3d 24, 26–27 (5th Cir. 1997); *Rivera v. United States*, 924 F.2d 948, 952–54 (9th Cir.1991). It is true that the WPA created a procedure for relief labeled an "Individual Right of Action," 5 U.S.C. § 1221, but that right of action is not a cause of action in a federal district court, but rather one to permit review by the MSPB. The WPA thereby expanded the MSPB's jurisdiction to · enable it to hear claims of retaliation for whistleblowing which had been previously outside its jurisdiction, *see Knollenberg v. Merit Systems Protection Board*, 953 F.2d at 625, but conferred no jurisdiction in this court. There remains the question of whether an implied cause of action can be found in the CSRA or the WPA in the absence of spe-

---

**3.** Only personnel actions resulting in a suspension for more than 14 days or a reduction of grade or pay level are subject to MSPB review and, hence, Federal Circuit review. (Although plaintiff claims to have suffered a reduction in grade, the official documentary records show a suspension of seven days and no reduction in grade or pay.) A suspension of fewer than 14 days or other action not affecting grade or pay is not subject to MSPB and Federal Circuit review under the statute. *See Walker v. Department of the Navy*, 106 F.3d 1582, 1584 (Fed.Cir.1997); *Jennings v. Merit Systems Protection Board*, 59 F.3d 159, 160 (Fed.Cir.1995); *Broadway v. Block*, 694 F.2d 979, 982 (5th Cir.1982). However, where such a lesser action is taken but is alleged to have been, *inter alia*, in retaliation for whistleblowing, the Office of Special Counsel is authorized and required to investigate. Review from a determination of the Office of Special Counsel with respect to such an allegation may be had, but again only to the MSPB and thereafter the Federal Circuit. *See Ellison v. Merit Systems Protection Bd.*, 7 F.3d 1031, 1035–36 (Fed.Cir.1993); *Knollenberg v. Merit Systems Protection Bd.*, 953 F.2d 623, 625–26 (Fed.Cir.1992).

cific authorizing language in those acts. Although the Court of Appeals for this circuit has not ruled on this point, the issue has arisen in other courts. The answer has been uniform that there is no implied cause of action under the CSRA or the WPA. *See, e.g., Braun v. United States,* 707 F.2d 922, 925 (6th Cir.1983); *Broadway v. Block,* 694 F.2d at 983–84; *Hooks v. Army and Air Force Exchange Service,* 944 F.Supp. 503, 506 (N.D.Tex. 1996) (claim of whistleblower retaliation); *see also Tiltti v. Weise,* 155 F.3d 596, 601 (2d Cir.1998) (CSRA bars district court from reviewing claim, under Administrative Procedure Act, of agency's reassignment of employee). The extensive and carefully designed structure established by the CSRA, described by the Supreme Court as "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations," *Bush v. Lucas,* 462 U.S. at 388, 103 S.Ct. 2404, has led these courts to reject any theory of an implied additional remedy in the form of a right of action in federal district court.

■ The final claim of the amended complaint, defamation, must also be dismissed because the CSRA preempts such claims by federal employees against their supervisors.[4] While, again, the precise issue has not been decided by the Court of Appeals for the Second Circuit, other courts have found that the CSRA is the exclusive remedy for federal employees alleged to have been aggrieved by actions related to their employment. *See, e.g., United States v. Fausto,* 484 U.S. 439, 455,

108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (CSRA bars claim under Back Pay Act); *Grisham v. United States,* 103 F.3d at 27 (5th Cir.1997) (CSRA bars claim under Federal Tort Claims Act); *Saul v. United States,* 928 F.2d 829, 840–43 (9th Cir.1991) (CSRA bars claim for defamation and infliction of emotional distress); *Rivera v. United States,* 924 F.2d at 951–54 (CSRA bars claim under Federal Tort Claims Act); *Berry v. United States,* No. 93 Civ. 8652(LLS), 1995 WL 33284, at *4 (S.D.N.Y. Jan.27, 1995) (CSRA bars claim under Federal Tort Claims Act and under state law); *Petrousky v. United States,* No. 91–CV–1048, 1991 WL 268689, at *3–*4 (N.D.N.Y. Dec.11, 1991) (CSRA bars claims for conspiracy and RICO). Again, the deliberate construction of the remedial framework in the CSRA is persuasive in showing that Congress intended to limit federal employee grievances to its framework. Thus, there is no basis under which plaintiff can pursue an independent action in this court against her federal supervisors and employers for defamation.

For the foregoing reasons, this action should be dismissed for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1).

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Jed S. Rakoff, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later

---

4. Plaintiff neither sets forth the basis of this claim, whether under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, or other grounds, nor identifies the alleged defamatory remarks. While a further amendment of the complaint might be able to cure these deficiencies, amendment would be futile in light of the preemption. *Cf. Sawyer v. Musumeci,* No. 96 Civ. 6497(LLS), No. 96 Civ. 6689(LLS), 1997 WL 381798, 1997 U.S. Dist. LEXIS 9760 (S.D.N.Y. July 9, 1997), *aff'd,* 1998 WL 743734, 1998 U.S.App. LEXIS 27570 (2d Cir. Oct. 21, 1998) (with relevant opinion not for citation under Rule 0.23 of the

Local Rules of the Second Circuit), in which the court dismissed CSRA claims for lack of jurisdiction and dismissed defamation claims as too vague for the court to determine whether defendant's sovereign immunity defense would apply or whether the defamatory acts were beyond the scope of plaintiff's employment (in which event the CSRA might not deprive the court of jurisdiction). By contrast, plaintiff's claims here are clearly related to her employment since she complains of statements placed in her personnel file and disseminated in the workplace.

appellate review of any order that will be entered by Judge Rakoff. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e), and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

February 18, 1999.